IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDRI KUTCHINSKI | § § § | |
| PLAINTIFF | § § | |
| VS. | § § § | CIVIL ACTION NO. _____ |
| COSTCO WHOLESALE CORPORATION and SCOTT HUNTINGTON | § § § § § | |
| DEFENDANTS | § | |

## NOTICE OF REMOVAL

Defendant COSTCO WHOLESALE CORPORATION files this Notice of Removal pursuant to 28 USC § 1446(a).

## I.
## INTRODUCTION AND PROCEDURAL HISTORY

1. Plaintiff in the above styled cause of action is AUDRI KUTCHINSKI.

2. COSTCO WHOLESALE CORPORATION is a named defendant in this litigation.

3. This personal injury suit arises out of a slip-and-fall incident that occurred on or about December 29, 2019, at Defendant's warehouse located at 1310 Jasmine Avenue in Webster, Texas. Plaintiff alleges that she slipped and fell on "a water puddle or other slippery substance" and sustained injuries. Plaintiff is now suing Defendant for negligence, premises liability and exemplary damages.

4. Plaintiff filed this suit on March 16, 2021.  On December 20, 2021, Defendant first received notice of this suit via service of process.  Defendant filed its Original Answer in State Court on January 6, 2022.  Thus, Defendant files this Notice of Removal within the thirty (30) days required under 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5. Removal of this matter to federal court is proper under 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005).

**A.    *There is complete diversity of citizenship between the Plaintiff and Defendant.***

6. Complete diversity of citizenship exists when all defendants are citizens of states different from all of the plaintiffs. *See Exxon Mobil Corp.*, 545 U.S. at 553.  Corporate entities are citizens of the state in which they are incorporated and the state in which their principal places of business are located.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th. Cir. 2001).  Individuals are citizens of the state in which they are domiciled.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).  Residency in a state is prima facie evidence that an individual is domiciled there.  *See id.*

7. Here, upon information and belief, Plaintiff resides and is domiciled in the State of Texas; and thus, a citizen of that state.  In contrast, Defendant is not a citizen of Texas and is in fact a citizen of Washington, as this is its state of incorporation and its principal place of business is located in Issaquah, Washington.  Accordingly, Defendant is not a citizen of Texas, but rather a citizen of Washington.

8. The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by

demonstrating that a non-diverse defendant has been "improperly joined." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. Smallwood, 385 F.3d at 573.

9.   In her State Court Petition, Plaintiff has named SCOTT HUNTINGTON as a Defendant. SCOTT HUNTINGTON is a resident in the State of Texas and was the warehouse General Manager on the date of the incident in question. Despite naming SCOTT HUNTINGTON as a defendant, Plaintiff's State Court Petition is utterly silent as to any alleged negligent act or omission on the part of SCOTT HUNTINTON proximately causing Plaintiff's accident.  The State Court Petition does not allege any conduct by SCOTT HUNTINGTON that would expose him to personal liability for the Plaintiff's alleged accident or injuries. The State Court Petition does not allege any negligent conduct by SCOTT HUNTINGTON outside of his responsibilities and the General Manager of the warehouse. A nondiverse or local defendant can be disregarded under the improper-joinder doctrine if there is no possibility the plaintiff can establish a cause of action against that defendant under applicable state law. A court may resolve this issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim against the in-state defendant. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases,

the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. Smallwood, 385 F.3d at 573; see also Gray v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004) ("the court may 'pierce the pleadings' and consider summary judgment type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery"). Defendant would argue that Plaintiff's State Court Petition makes it abundantly clear that SCOTT HUNTINGTON was improperly joined for the sole purpose of defeating diversity jurisdiction. For this reason, SCOTT HUNTINGTON'S joinder is improper.

10.     Because Defendant is a citizen of Washington, and not Texas, there is complete diversity of citizenship between the Plaintiff and Defendant in this suit. *See* U.S.C. § 1332.

**B.     *The amount in controversy exceeds the jurisdictional minimum for this Court's diversity jurisdiction.***

11.    Removal is proper under this Court's diversity jurisdiction because the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

12.    Plaintiff's Original Petition provides a statement concerning the amount of monetary relief sought pursuant to Texas Rule of Civil Procedure 47(c)(4). Paragraph 2 states that "Plaintiff seeks monetary relief of more than $1,000,000."

13.    Accordingly, based on representations in Plaintiff's State Court Petition, the amount in controversy exceeds the $75,000 jurisdictional minimum necessary to invoke the Court's original diversity jurisdiction. *See* 28 U.S.C. § 1332.

14.    Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446 (a).  *See* **Exhibit A**.

15.    Venue is proper in this district and division under 28 U.S.C. § 1441 (a) because the state court where the suit had been pending is located in this district.

4

16. Defendant will promptly file with the Harris County District Clerk a copy of this Notice of Removal.

## III.
## STATUS OF STATE COURT ACTION BEING REMOVED

17. The action being removed is pending in the 281st Judicial District Court, Harris County, Texas, 201 Caroline, 14th Floor, Houston, Texas 77002, Hon. Christine Weems Presiding.

## IV.
## STATUS OF REQUEST FOR TRIAL BY JURY

18. Plaintiff has requested a trial by jury in his Original Petition. Defendant additionally requests a jury trial.

## V.
## CONCLUSION

19. Removal of Plaintiff's suit is proper because Defendant Costco Wholesale Corporation is a citizen of Washington with its principal place of business in Issaquah, Washington and the Plaintiff is a citizen of Texas. Defendant SCOTT HUNTINGTON has been improperly joined for the sole purpose of defeating diversity jurisdiction. Thus, there is complete diversity of citizenship between Costco Wholesale Corporation and Plaintiff and the amount in controversy exceeds $75,000.

Respectfully submitted,

By: */s/ David W. Medack*
    David W. Medack
    State Bar No. 13892950
    S.D. Tex. Bar No. 15597
    Heard & Medack, P.C.
    14100 Southwest Freeway, Suite 300
    Sugar Land, Texas 77478
    Telephone: (713) 772-6400
    Facsimile: (713) 772-6495
    Email: dmedack@heardmedackpc.com

**ATTORNEY IN CHARGE FOR DEFENDANT COSTCO WHOLESALE CORPORATION**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached has duly been served upon each party by facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 10th day of January, 2022.

Michael D. Sydow
State Bar No. 19592000
The Sydow Firm
3355 W. Alabama, Suite 444
Houston, Texas 77098
(713) 622-9700 – Telephone
(713) 552-1949 – Telecopier
Email: Michael.Sydow@thesydowfirm.com

    */s/ David W. Medack*
    David W. Medack

Z\2830\Pleadings\Notice of Removal (Federal Filing).