UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUDRI KUTCHINSKI, § | |
|    Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00083 |
| § | |
| COSTCO WHOLESALE § | |
| CORPORATION, *et al.*, § | |
|    Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Remand (Dkt. 5) filed by Plaintiff Audri Kutchinski ("Kutchinski"). After careful consideration of the pleadings and the applicable law, the motion is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Kutchinski was shopping at Defendant Costco Wholesale Corporation ("Costco") and there was a water puddle or other slippery substance inside the store where Kutchinski slipped, fell, and sustained injuries. (Dkt. 5-2 at 4). Agents, employees, and representatives of Costco told Kutchinski immediately after her fall that the store management had actual awareness of the condition before her fall.

As the basis for removal, Costco asserts that the Court has diversity jurisdiction over this action. (Dkt. 1 at 2). It argues that complete diversity among the parties exists because,

while General Manager Scott Huntington ("Huntington") is a Texas resident like Kutchinski, he was improperly joined to this action. Costco argues that Kutchinski's state court petition is "utterly silent as to any alleged negligent act or omission" of Huntington and it does not allege any conduct by Huntington outside of his responsibilities as the General Manager of the warehouse. (Dkt. 1 at 3). Kutchinski has filed a motion to remand this case to state court. She argues that the removal was untimely, having been filed "more than 30 days" after receiving a copy of Kutchinski's original pleading. (Dkt. 5 at 3). The Court considers the parties arguments below.

## LEGAL STANDARD

Generally, under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 U.S. Dist. LEXIS 10227, 1995 WL 419901, at *4 (E.D. La. July 13, 1995).

Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). However, such diversity jurisdiction requires complete diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). Here, the parties do not dispute that the amount in-controversy-requirement is met, but they disagree about whether the complete diversity requirement is satisfied. Indeed, Huntington and Kutchinski are Texas citizens, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.

Improper joinder constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Id.* In essence, the court may ignore an improperly joined non-diverse defendant when determining its subject-matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

3

The burden of demonstrating improper joinder is a heavy one and under this exception a non-diverse defendant may only be found to be "improperly joined" if either (1) there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Smallwood*, 385 F.3d at 574; *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). Only the second type of improper joinder is at issue here. Accordingly, the Court must determine whether Costco has demonstrated that there is no possibility of recovery against Huntington for negligence and premises liability. Stated differently, this means that there is no reasonable basis for the Court to predict that Kutchinski might be able to recover against Huntington for negligence and premises liability. *See Smallwood*, 385 F.3d at 573; *see also Mastronardi v. Wells Fargo Bank, et al.*, No. 15–11028, 653 Fed. App'x. 356, 357, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (citing *Smallwood*). In making this determination, the removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 204. To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Alternatively, in cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts that

4

would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary judgment-type inquiry. *Smallwood II*, 385 F.3d at 574. The decision to pierce the pleadings and consider summary judgment-type evidence lies within the discretion of the trial court. *Id.* In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Further, the Court must take care not to "mov[e] beyond jurisdiction and into a resolution on the merits." *Smallwood II*, 385 F.3d at 574.

## ANALYSIS

As an initial matter, Kutchinski **argues that Costco's removal notice was untimely since a "**copy of Plaintiff's Original Petition was sent to Costco on November 9, 2021, much more than 30 days before removal." (Dkt. 5 at 2). A named defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, (1999) (quotation marks omitted). It is undisputed that Costco received the complaint on November 9, 2021. The removal clock was triggered when Costco was served with process on December 20, 2021. (Dkt. 6-1). Removal was timely filed on January 10, 2022, within the 30-day removal period provided under 28 U.S.C. § 1446(b). (Dkt. 1).

5

The Court agrees Costco timely removed this case and remand to Texas state court is not warranted. Examining the petition under Rule 12(b)(6)-type analysis, the allegations of the complaint, if true would not establish claims under state law, against Huntington, for negligence and premises liability. Kutchinski's claims against Huntington read as follows:

> Kutchinski was shopping at Costco and there was a water puddle or other slippery substance inside the store where Kutchinski slipped, fell, and sustained injuries. Agents, employees, and representatives of Costco told Plaintiff immediately after her fall that the store management had actual awareness of the condition before her fall. As an owner or occupier of land Defendants ("Costco and Huntington") had a duty to keep the premises under their control safe for customers, such as Plaintiff. Defendants knew of the dangerous condition that caused Plaintiff's injury or would have known of such condition had they conducted a reasonable inspection.
>
> …
>
> At the time of the accident, Defendants had a duty to exercise reasonable care to keep the premises under their control safe for customers, such as Plaintiff. Defendants breached that duty of care.
> (Dkt. 1-1 at 3-4).

District courts in the Fifth Circuit have held the Texas Supreme Court's opinions preclude a plaintiff from bringing negligence claims against both a company and a company employee acting within the scope of his or her employment duties. *See, e.g., Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, at *5 (S.D. Tex. Nov. 3, 2008) (concluding that a plaintiff who alleged that Wal-Mart failed to conduct a proper investigation before arresting her at a Wal-Mart store for cashing allegedly fraudulent money orders could not bring a negligence claim against the Wal-Mart employee); *Solis v. Wal-Mart Stores East, L.P.*, 617 F.Supp.2d 476, 481 (S.D. Tex. 2008) (concluding that

6

after *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) there is no reasonable possibility that a plaintiff who slipped and fell at a Wal-Mart store can prevail on a premises liability claim against the store manager or department manager in addition to a similar claim against Wal-Mart); *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 837 (E.D. Tex. 2008) (holding that after *Tri* there is no reasonable possibility that a plaintiff who slipped and fell in a Wal-Mart store can successfully bring negligence causes of action against both the assistant store manager and Wal-Mart). Indeed, the Texas Supreme Court has explained that:

> A negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation.
>
> . . .
>
> Individual liability arises *only* when the officer or agent owes an independent duty of reasonable care to the injured party *apart from the employer's duty*. We gave as an example an agent whose negligence caused an automobile collision while the agent was driving in the course and scope of employment. An agent, in his individual capacity, owes a duty to the public to drive with reasonable care.

*Tri*, 162 S.W.3d at 562 (quotation marks, brackets, and footnotes omitted; emphasis added).

In Kutchinski's original state court petition she describes Defendants' duty to exercise reasonable care and states that they breached the duty of care. She further alleges that subsequent to her injury a Costco representative, Zac Stonebarger, acting within the course and scope of his employment as a Senior Resolution Manager for Costco, expressly told her "Defendants had acted negligently in causing her accident and damages." (Dkt. 1-

7

1 at 4). This allegation falls short at the threshold question of duty because Kutchinski has not alleged any facts showing that Huntington owed Kutchinski any duty of reasonable care that was independent of the duty that Costco owed Kutchinski. *Kopczynski*, 2011 WL 902237, at *6 ("[The plaintiff] does not specify the independent duty that [the store manager] allegedly owed her apart from Wal-Mart's duty to use reasonable care in maintaining a safe entryway."); *Tri*, 162 S.W.3d at 562–63. The duty is Costco's, not the individual employee's.

Kutchinski does not cite any Texas cases establishing Huntington owed her an independent duty or surmounting the barrier erected by *Tri*. The Court concludes that there is no reasonable basis to predict that Kutchinski might be able to recover against Huntington individually under Texas law. *Kopczynski*, 2011 WL 902237, at *6; *see also Solis*, 617 F. Supp. 2d at 481 ("After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties."); *Gipson*, 2008 WL 4844206, at *5 (holding that a plaintiff who alleged that Wal-Mart failed to conduct a proper investigation before arresting her at a Wal-Mart store for cashing allegedly fraudulent money orders could not bring a negligence claim against the Wal-Mart employee—"As a Wal-Mart employee, Costin did not owe a customer, Gipson, a duty of reasonable care independent from the duty Wal-Mart owed.").

The Texas Supreme Court found similarly in *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996) that no independent duty was owed by corporate officers. The corporate

agents were not individually liable even though the jury had found them and their employer negligent. In that case, the Plaintiff Hornsby was injured when he lifted a sixty-pound reel of cable. There was evidence that his employer, through its officers and employees, had declined to provide Hornsby a lifting belt or dolly. The Court held that the actions or inactions of the individuals were actions or inactions "within their capacities as officers" of Hornsby's corporate employer and that the individuals "had no individual duty as corporate officers to provide Hornsby with a safe workplace." *Tri*, 162 S.W.3d at 562 (quoting *Leitch*, 935 S.W.2d at 118). The individuals were not liable for their negligence because they "did not breach any separate duty" to Hornsby. *Tri*, 162 S.W.3d at 562–63. Only their corporate employer was liable for their negligence. *Id.* at 563. Based on the authorities discussed above, the Court concludes that under Texas law Kutchinski would not be able to prevail on her negligence claims against Huntington in his individual capacity. Huntington's citizenship is disregarded for the purposes of ascertaining the existence of complete diversity, and all claims against Huntington are dismissed without prejudice. *Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.") (emphasis omitted).

## CONCLUSION

Kutchinski's motion to remand (Dkt. 5) is **DENIED**. All claims against Huntington are **DISMISSED WITHOUT PREJUDICE**, and Huntington is **TERMINATED** from

9

this lawsuit. It is further ordered that the requests for pre-motion conference (Dkts. 8 & 9) are **DENIED AS MOOT**.

SIGNED at Houston, Texas on the 1st of June 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE