IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDRI KUTCHINSKI | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-83 |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION and | § | |
| SCOTT HUNTINGTON | § | |
| | § | |
| DEFENDANTS | § | |

## MOTION FOR ENTRY OF JUDGMENT ON VERDICT

TO THE HONORABLE GEORGE C. HANKS, JR.:

COMES NOW, Costco Wholesale Corporation (hereinafter referred to as "Defendant"), Defendant in the above-styled and numbered cause of action, and pursuant to Federal Rule of Civil Procedure 58(d), files this Motion for Entry of Judgment on the Verdict. In support thereof, Defendant would respectfully show the Court as follows:

On October 7, 2024, following a six (6) day trial, the jury in this action rendered a verdict finding that neither the negligence of Plaintiff Audri Kutchinski nor Defendant Costco Wholesale proximately caused the occurrence in question. *See* Doc. 90. As a result, the jury did not award any amount of damages to Plaintiff in this matter. *See id.* The jury's verdict, permissibly based on the evidence, entitles Defendant to a take-nothing judgment in its favor on all of Plaintiff's claims

against it. Defendant thus respectfully requests that the Court enter judgment on the verdict.

This case was called to trial on September 30, 2024. After six days of trial, and the presentation of the evidence and arguments of the parties, this case was submitted to the jury. On October 7, 2024, the jury returned a verdict finding Defendant was not negligent. *See* Doc. 90. Based on the Court's instructions, the jury did not address any of the damage questions. The verdict was accepted by the Court but to date, a judgment has not been entered.

Federal Rule of Civil Procedure 58(b)(2) requires the Court to promptly approve the form of a judgment and direct its entry when "the jury returns a special verdict or a general verdict with answers to written questions." FED. R. CIV. P. 58(b)(2)(A). Here, a general verdict with answers to written questions was sought and rendered, with a finding on each relevant issue of fact in the case. FED. R. CIV. P. 49(b). When a general verdict with answers to written questions is sought from a jury, the appropriate procedure is for the court to accept the findings of fact explicitly made or implicit in the jury's answers and, based thereon and on such additional findings as the court may find necessary to make, direct entry of judgment under Federal Rule of Civil Procedure 58.

Here, the jury was asked to give answers and make findings of fact on the following issues:

1. Whether the negligence of Plaintiff or Defendant in this case proximately caused the occurrence in question. In response to this question, the jury answered "No" for both Plaintiff and Defendant.

2

2. The jury was instructed to answer question 2 regarding the percentage of responsibility attributable to each party only if they answered "Yes," to the first question. As the jury answered "No," to the first question, the jury left the second question unanswered.

3. The jury was instructed to answer question 3 regarding the amount of money that would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from the occurrence in question only if they answered "Yes" for Defendant to the first question. As the jury answered "No" for Defendant to the first question, the jury left the third question unanswered, implicitly finding that Plaintiff is not entitled to recover damages in this matter.

4. The jury was instructed to answer question 4 regarding the gross negligence attributable to Defendant in this matter only if they answered "Yes" for Defendant to the first question. As the jury answered "No" for Defendant to the first question, the jury left the fourth question unanswered, implicitly finding no gross negligence on behalf of Defendant.

5. The jury was instructed to answer question 5 regarding the sum of money to be assessed against Defendant as exemplary damages in this matter only if they answered "Yes" in the fourth question. As the jury did not answer the fourth question, the jury left the fifth question unanswered, implicitly finding that Plaintiff was not entitled to exemplary damages in this matter.

As to damages, based on the evidence presented, the jury implicitly determined that Plaintiff was entitled to no damages.

Based on these findings, and the evidence presented at trial, the court should enter a take-nothing judgment in favor of the Defendant and award taxable costs to the Defendant, as well as all other relief to which Defendant may be justly entitled.

Federal Rule of Civil Procedure 58(a) requires that judgment be entered on a separate document. Attached to this Motion is Defendant's Proposed Judgment,

which Defendant requests that the Court direct the Clerk to enter pursuant to Federal Rule of Civil Procedure 58(d).

For these reasons, Defendant is entitled to a Take-Nothing Judgment as a matter of law for the reasons stated, Defendant respectfully requests that this Motion for Entry of Judgment on the Verdict be granted, that the Court sign and enter the attached Proposed Judgment and award all relief stated, and for all other relief that the Court deems just and proper.

Respectfully submitted,

By: */s/ David W. Medack*
   David W. Medack
   State Bar No. 13892950
   S.D. Tex. Bar No. 15597
   Rhiannon K. Jajoo
   State Bar No. 24104008
   S.D. Tex. Bar No. 3836002
   HEARD & MEDACK, P.C.
   14100 Southwest Freeway, Suite 300
   Sugar Land, Texas 77478
   Telephone: (713) 772-6400
   Facsimile: (713) 772-6495
   Email: dmedack@heardmedackpc.com
   Email: rjajoo@heardmedackpc.com

ATTORNEYS IN CHARGE FOR
DEFENDANT COSTCO WHOLESALE
CORPORATION

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached has duly been served upon each party by facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 15th day of October 2024.

Buffy K. Martines
Texas Bar No. 24030311
Marlo E. Fischer
Texas Bar No. 24097687
Laminack, Pirtle & Martines, L.L.P.
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
(713) 292-2750 – Telephone
(713) 292-2755 – Facsimile
Email: buffym@lpm-triallaw.com
Email: marlof@lpm-triallaw.com

*Attorneys for Plaintiff*

/s/ David W. Medack
David W. Medack